IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ROBERT C. KONOP, | ) | CIVIL NO. 09-00012 HG-LEK |
| | ) | |
| Appellant, | ) | |
| | ) | **ORDER DENYING ROBERT KONOP'S** |
| vs. | ) | **APPEAL OF THE BANKRUPTCY** |
| | ) | **COURT'S GRANT OF HAWAIIAN** |
| HAWAIIAN AIRLINES, INC., | ) | **AIRLINES' SECOND** |
| | ) | **SUPPLEMENTAL OBJECTION TO** |
| Appellee. | ) | **CLAIM NUMBER 72** |
| | ) | |
| _____ | ) | |
| | ) | |
| *In re* HAWAIIAN AIRLINES, INC., | ) | |
| Chapter 11 Bankruptcy. | ) | |
| _____ | ) | |

**ORDER DENYING ROBERT KONOP'S APPEAL OF THE BANKRUPTCY COURT'S
GRANT OF HAWAIIAN AIRLINES' SECOND SUPPLEMENTAL OBJECTION TO
CLAIM NUMBER 72**

Appellee Hawaiian Airlines, Inc. ("Hawaiian Airlines")
emerged from bankruptcy protection in 2005 after the United
States Bankruptcy Court for the District of Hawaii entered an
Order Confirming a Joint Plan of Reorganization ("Joint Plan")
for the airline. The Joint Plan provided a procedure for the
resolution of any disputed claims that were submitted against
Hawaiian Airlines. On November 11, 2008, Hawaiian Airlines filed
a Second Supplemental Objection to Claim Number 72, which had
been previously filed with the Bankruptcy Court by Appellant
Robert C. Konop ("Konop"). On January 5, 2009, the Bankruptcy
Court issued an Order Sustaining the Second Supplemental

1

Objection to Claim Number 72. Appellant now appeals the January 5, 2009 Bankruptcy Court Order.

Appellant Robert Konop's Appeal of the Bankruptcy Court's Grant of Hawaiian Airlines' Second Supplemental Objection to Claim Number 72 (Doc. 6) is **DENIED**.


## PROCEDURAL HISTORY

On January 29, 2009, Appellant Robert Konop ("Appellant" or "Konop") filed an Appeal of the Bankruptcy Court's Grant of Hawaiian Airlines' Second Supplemental Objection to Claim Number 72. (Doc. 6, "Appeal".) On the same day, Appellant filed Excerpts of Record from the bankruptcy proceeding. (Docs. 7, 8.)

On February 26, 2009, Appellee Hawaiian Airlines, Inc. ("Appellee" or "Hawaiian Airlines") filed an Opening Brief. (Doc. 10, "Opposition".) On the same day, Appellee filed Supplemental Excerpts of Record from the bankruptcy proceeding. (Doc. 11.)

On March 6, 2009, Appellant filed a Reply Brief in Support of his Appeal of the Bankruptcy Court's Grant of Hawaiian Airlines' Second Supplemental Objection to Claim Number 72. (Doc. 23, "Reply".)

The Court filed a Minute Order on April 7, 2009 (Doc. 25), indicating that the Appeal would be decided without a hearing.

**BACKGROUND**

I.   **Factual Background**

The factual background relevant to this case is fully set forth by the Ninth Circuit Court of Appeals in <u>Konop v. Hawaiian Airlines, Inc.</u>, 302 F.3d 868 (9th Cir. 2002). The relevant facts are summarized below.

Appellant Robert C. Konop's ("Appellant" or "Konop") was formerly employed as a pilot by Appellee Hawaiian Airlines, Inc. ("Appellee" or "Hawaiian Airlines"). During his employment with Hawaiian Airlines, Konop created and maintained a website where he posted bulletins regarding various work-related matters. <u>Id.</u> at 872. Konop controlled access to his website by requiring visitors to log in with a user name and password. Konop created a list of people who were eligible to access his website; pilots Gene Wong ("Wong") and James Gardner ("Gardner") were included on this list. Konop programmed the website to allow access when a person entered the name of an eligible person, created a password, and clicked the "SUBMIT" button on the screen. By clicking the "SUBMIT" button, the screen indicated that the user accepted the terms and conditions of the website's use. The terms and conditions prohibited any member of Hawaiian Airlines' management from viewing the website and prohibited users from disclosing the website's contents to anyone else. <u>Id.</u> at 872-873.

In December 1995, Hawaiian Airlines Vice-President

3

James Davis ("Davis") asked Wong for permission to use Wong's name to access Konop's website. Davis claimed that he was concerned about untruthful allegations that he believed Konop was making on the website. Wong agreed to Davis' request. Wong had not previously logged into the website to create an account, so when Davis accessed the website using Wong's name, Davis presumably typed in Wong's name, created a password, and clicked the "SUBMIT" button. Id. at 873.

Konop subsequently received a call from the union chairman of the Air Line Pilots Association, Reno Morella ("Morella").[1] Morella told Konop that Hawaiian Airlines president Bruce Nobles ("Nobles") had contacted him regarding the contents of Konop's website. Morella stated that Nobles was upset by the disparaging statements published on Konop's website. In particular, Nobles was upset by Konop's accusations that Nobles was suspected of fraud. Pursuant to this conversation with Morella, Konop believed Nobles had obtained access to his website and was threatening to sue Konop for defamation. Id.

After speaking with Morella, Konop took his website off-line for the remainder of the day. He placed the website back on-line the next morning, without ascertaining how Nobles had

---

[1]     As noted by the Ninth Circuit Court of Appeals, the parties dispute the date and substance of this phone conversation. Id. at 873 n.1. The facts are viewed in the light most favorable to Konop.

obtained the information discussed in the phone call with
Morella. Konop alleges that he later learned, through an
examination of the computer system logs, that Davis accessed his
website using Wong's name. Id.

Davis continued to log in to Konop's website using
Wong's name. Davis also logged in using the name of another
pilot, James Gardner, who had previously consented to Davis using
his name in order to access the website. Id. Konop alleged in the
Bankruptcy Court proceedings that Davis accessed his website at
least 36 separate times, logging in as either Gardner or Wong.
Hawaiian Airlines, however, alleges that Davis only accessed the
website 31 times under those two names – 22 times under Gardner,
and nine times under Wong. (Appellee's Supplemental Excerpts of
Record Ex. A at Ex. D, "Chart of Accesses of Konop's Website by
Gardner and Wong".)


**II.  Robert C. Konop's Litigation Against Hawaiian Airlines**

Konop filed suit against Hawaiian Airlines in the
United District Court for the Central District of California on
July 12, 1996. Konop alleged claims for, among other things,
violations of the Railway Labor Act, 45 U.S.C. § 152, the Wiretap
Act, 17 U.S.C. §§ 2510-2522, the Stored Communications Act, 18
U.S.C. §§ 2701-2711, and various state tort laws arising from
Davis' unauthorized viewing of Konop's website. The Central

District of California District Court granted summary judgment to Hawaiian Airlines on all claims except the retaliation claim under the Railway Labor Act. The District Court subsequently entered judgment for Hawaiian Airlines on the retaliation claim after a bench trial. Konop then appealed the District Court's ruling to the Ninth Circuit Court of Appeals.

The Ninth Circuit Court of Appeals issued a decision on August 23, 2002. See Konop v. Hawaiian Airlines, Inc., 302 F.3d 868 (9th Cir. 2002).[2] The Ninth Circuit Court of Appeals affirmed both the Central District of California District Court's grant of summary judgment for Hawaiian Airlines on Konop's claims under the Wiretap Act claims, and the lower court's entry of judgment for Hawaiian Airlines on the retaliation claim. The Ninth Circuit Court of Appeals, however, reversed the California District Court's grant of summary judgment for Hawaiian Airlines on Konop's claims under the Stored Communications Act and Konop's remaining claims under the Railway Labor Act. Id. at 886.

Konop's remaining claims under the Railway Labor Act were subsequently resolved and are not relevant to this appeal. (Opposition at 15.) The only claims that remain outstanding are made pursuant to the Stored Communications Act.

---

[2]     The previous opinion issued by the Ninth Circuit Court of Appeals, dated January 8, 2001, was withdrawn. See Konop v. Hawaiian Airlines, Inc., 262 F.3d 972 (9th Cir. 2001).

### III. Bankruptcy Court Proceedings

From March 21, 2003, through June 2, 2005, Appellee Hawaiian Airlines, Inc. ("Appellee" or "Hawaiian Airlines") was a debtor-in-possession operating pursuant to Chapter 11 of the Bankruptcy Code.

On May 18, 2005, the United States Bankruptcy Court for the District of Hawaii ("Bankruptcy Court") entered an Order Confirming the Third Amended Joint Plan of Reorganization ("Joint Plan") filed by Chapter 11 Trustee, the Official Committee of Unsecured Creditors, Hawaiian Holdings, Inc., HHIC, Inc., and RC Aviation, LLC, dated as of March 11, 2005. Article VIII of the Joint Plan provided a procedure for the resolution of any disputed claims that were submitted against Hawaiian Airlines. (See Appellant's Excerpts of Record Ex. 16 at 25.)

Konop timely filed Claim Number 72 with the Bankruptcy Court, which sought damages for unauthorized access by Hawaiian Airlines personnel to his website. Hawaiian Airlines subsequently filed an Objection to Claim Number 72 on August 13, 2004 (Opposition at 15), and a Supplemental Objection on August 31, 2005 (Appellant's Excerpts of Record Ex. 15). The Bankruptcy Court sustained Hawaiian Airlines' Supplemental Objection on December 6, 2005. (Id. at Ex. 14, "December 6, 2005 Bankruptcy Court Order".) The December 6, 2005 Bankruptcy Court Order was subsequently reversed and remanded on appeal by the United States

7

District Court for the District of Hawaii on August 3, 2006. (<u>Id.</u> at Ex. 13, "August 3, 2006 District Court Order".) Hawaiian Airlines then filed a Second Supplemental Objection on November 11, 2008. (<u>Id.</u> at 6.) On January 5, 2009, the Bankruptcy Court issued an Order Sustaining the Second Supplemental Objection to Claim Number 72. (<u>Id.</u> at 1.)

Konop now appeals the Bankruptcy Court's decision to Grant Hawaiian Airlines' Second Supplemental Objection to Claim Number 72.

## STANDARD OF REVIEW

A bankruptcy court's conclusions of law are reviewed *de novo* and its factual findings are reviewed for clear error. <u>Burcena v. Bank One</u>, 2007 U.S. Dist. LEXIS 73408, at *7 (D. Haw. Sept. 28, 2007) (citing <u>Dawson v. Wash. Mut. Bank, F.A.</u>, 367 F.3d 1174, 1177 (9th Cir. 2004)); <u>In re Olshan</u>, 356 F.3d 1078, 1083 (9th Cir. 2004). The bankruptcy court's findings of fact must be accepted unless the district court is left with the definite and firm conviction that a mistake has been committed. <u>Id.</u>; <u>Latman v. Burdette</u>, 366 F.3d 774, 781 (9th Cir. 2004).

## ANALYSIS

I.   **Calculation of Damages for Claim Number 72**

In the Order Sustaining the Second Supplemental

Objection to Claim Number 72, the Bankruptcy Court stated that the correct amount of Claim Number 72 should be $9,000.[3] (Appellant's Excerpts of Record Ex. 1.)

In reaching this amount, the Bankruptcy Court agreed with Hawaiian Airlines that Konop was only able to establish 31 total instances of unauthorized access to Konop's website by Hawaiian Airlines Vice-President James Davis ("Davis") - 22 times under the name of James Gardner ("Gardner"), and nine times under the name of Gene Wong ("Wong"). (See Appellee's Supplemental Excerpts of Record Ex. A at Ex. D.) In addition, the Bankruptcy Court agreed with Hawaiian Airlines that Gardner was an authorized "user" of Konop's website, pursuant to the Stored Communications Act. 18 U.S.C. §§ 2510(13), 2711(1).[4]

As an authorized "user," Gardner was able to grant Davis access to Konop's website without triggering statutory liability under the Stored Communications Act. 18 U.S.C. §

---

[3]     The Bankruptcy Court stated that the $9,000 award should offset the sanctions amount that had been imposed on Konop pursuant to the Bankruptcy Court's prior orders. (Appellant's Excerpts of Record Ex. 1.)

[4]     18 U.S.C. § 2510(13) states: "'user' means any person or entity who -- (A) uses an electronic communication service; and (B) is duly authorized by the provider of such service to engage in such use." 18 U.S.C. § 2711(1) of the Stored Communications Act incorporates the definition of "user" as defined in 18 U.S.C. § 2510.

2701(c)(2)[5]; see also Konop, 302 F.3d at 880 ("[T]here is some

indication in the legislative history that Congress believed

'addressees' or 'intended recipients' of electronic

communications would have the authority under the [Stored

Communications Act] to allow third parties access to those

communications."). For this reason, the Bankruptcy Court

discounted the 22 times that Davis accessed Konop's website using

Gardner's name when calculating the damages amount for Claim

Number 72.

Upon reaching these conclusions, the Bankruptcy Court

proceeded to calculate the total award amount for Claim Number 72

pursuant to the text of 18 U.S.C. § 2707(c).[6] The Bankruptcy

Court awarded Konop $1,000 for each of the nine instances when

Davis accessed Konop's website using Wong's name. (Appellant's

---

[5]     18 U.S.C. § 2701(c) states: "Exceptions. Subsection (a)
of [18 U.S.C. § 2701] does not apply with respect to conduct
authorized . . . (2) by a user of that service with respect to a
communication of or intended for that user."

[6]     18 U.S.C. § 2707(c) states: "The court may assess as
damages in a civil action under this section the sum of the
actual damages suffered by the plaintiff and any profits made by
the violator as a result of the violation, but in no case shall a
person entitled to recover receive less than the sum of $1,000."
        The Bankruptcy Court previously held that Konop had not
proved actual damages as a result of Davis accessing Konop's
website, nor were any profits made by Hawaiian Airlines as a
result of these alleged violations. (Appellant's Excerpts of
Record Ex. 17 at 2.) Konop has failed to present any material
evidence refuting these findings by the Bankruptcy Court. For
this reason, Konop is only entitled to the minimum statutory
damages of $1,000 for each instance of unauthorized access to his
website. 18 U.S.C. § 2707(c).

Excerpts of Record Ex. 1.) This calculation results in a total award amount of $9,000 for Claim Number 72.

The Bankruptcy Court's calculation of the total award amount for Claim Number 72 was correct. Konop has not presented any evidence showing that Davis accessed Konop's website more than nine times using Wong's name. In addition, Konop has failed to show that Gardner was not an authorized "user" of the website, pursuant to the text of the Stored Communications Act. See 18 U.S.C. § 2510(13). The Bankruptcy Court stated during the hearing on Hawaiian Airlines' Second Supplemental Objection:

> It doesn't seem to be disputed that Mr. Gardner had logged in before and it [sic] created his own password. And following the Ninth Circuit's decision -- in this very dispute [see Konop, 302 F.3d at 880], I think that makes Mr. Gardner a user for purposes of the Stored Communications Act and that means that people who he authorizes to log in to the website can do so without violating the Stored Communications Act . . .

Appellant's Excerpts of Record Ex. 2 at 4; see also Konop, 302 F.3d at 880 (affirming the District Court's finding that Gardner "had the authority under [18 U.S.C.] § 2701(c)(2) to consent to Davis' use of the website because Konop put . . . Gardener on the list of eligible users.").

Konop has not presented any material evidence that would disturb these conclusions of law. The Bankruptcy Court properly calculated the total damages amount of $9,000 for Claim Number 72 by multiplying $1,000 by the nine instances when Davis accessed Konop's website using Wong's name. 18 U.S.C. § 2707(c).

The Bankruptcy Court also properly discounted the 22 times that Davis accessed Konop's website using Gardner's name when calculating the total damages amount. 18 U.S.C. § 2701(c)(2).

## II.  Jurisdiction of the Bankruptcy Court

Konop also argues that the Bankruptcy Court lacked jurisdiction to consider the merits of Hawaiian Airlines' Second Supplemental Objection because there is a pending appeal of another Bankruptcy Court order related to Claim Number 72. (Appeal at 14.) The pending appeal concerns the "Order Denying Motion to Amend and/or Clarify Claim Number 72, as Filed by Robert C. Konop," dated March 30, 2007. (Appellant's Excerpts of Record Ex. 7, "March 30, 2007 Bankruptcy Court Order.") The March 30, 2007 Bankruptcy Court Order addresses the question of whether Claim Number 72 includes a request for equitable relief, and if not, whether Konop should be permitted to amend his claim to include such relief. (Appellant's Excerpts of Record Ex. 8 at 5.)

In addressing Konop's argument regarding the lack of jurisdiction, the Bankruptcy Court stated during the hearing on Hawaiian Airlines' Second Supplemental Objection: "There is an appeal on a related issue before the Ninth Circuit, but it's not the same issue. It's a related issue and I don't think that appeal deprives this court of -- of jurisdiction." (Appellant's Excerpts of Record Ex. 2 at 3.)

12

The Bankruptcy Court properly held that the appeal of the March 30, 2007 Bankruptcy Court Order did not divest the court of jurisdiction over Hawaiian Airlines' Second Supplemental Objection. The Second Supplemental Objection at issue here concerns the proper method of calculating damages for Claim Number 72 under the Stored Communications Act. It does not, however, address the wholly different issue of whether Claim Number 72 should be read to include a request for equitable relief - the issue that is pending on appeal. As these two issues are separate and distinct, the Bankruptcy Court properly retained jurisdiction over Hawaiian Airlines' Second Supplemental Objection. See Natural Res. Def. Council v. Southwest Marine, Inc., 242 F.3d 1163, 1166 (9th Cir. 2001) (holding that a district court is only divested of jurisdiction over the matters being appealed).

## III. Claims Objection Bar Date

Konop also argues that Hawaiian Airlines is barred from asserting the Second Supplemental Objection to Claim Number 72 after the Claims Objection Bar Date provided in the Joint Plan has already passed. (Appeal at 21.) Section 8.1 of the Joint Plan provides that "[a]ll objections to Claims must be Filed and served on the holders of such Claims by the Claims Objection Bar Date." (Appellant's Excerpts of Record Ex. 16 at 25.) The Claims

Objection Bar Date is defined as "the later of: (a) 90 days after the Effective Date; (b) 60 days after the Filing of a proof of Claim for such Claim; and (c) such other period of limitation as may be specifically fixed by the Joint Plan, the Confirmation Order, the Bankruptcy Rules or a Final Order for objecting to such Claim." (Appellee's Supplemental Excerpts of Record Ex. C at 3.) Both parties agree that the applicable deadline was September 1, 2005, which was 90 days after the Effective Date of the Joint Plan. (Appeal at 22; Opposition at 22.)

Hawaiian Airlines filed both the Objection and the Supplemental Objection to Claim Number 72 prior to the September 1, 2005 deadline. (Opposition at 23.) The Bankruptcy Court sustained Hawaiian Airlines' Supplemental Objection on December 6, 2005. (Appellant's Excerpts of Record Ex. 14.) The Bankruptcy Court's damages calculation, however, was subsequently reversed and remanded on appeal by the United States District Court for the District of Hawaii on August 3, 2006. (Id. at Ex. 13, "August 3, 2006 District Court Order".) In its decision, the District Court stated: "On remand, the Bankruptcy Court should determine how many of the alleged intrusions merit a separate statutory damage award under the [Stored Communications] Act." (Id. at Ex. 13 at 18.)

In furtherance of the August 3, 2006 District Court Order, Hawaiian Airlines filed the Second Supplemental Objection

14

on November 11, 2008.[7] (Appellant's Excerpts of Record Ex. 6.)
The Joint Plan did not bar Hawaiian Airlines from submitting
additional briefing to the Bankruptcy Court pursuant to the
August 3, 2006 District Court Order. The Second Supplemental
Objection sets forth Hawaiian Airlines' argument regarding the
number of unauthorized intrusions into Konop's website that would
"merit a separate statutory damage award under the [Stored
Communications] Act." (Appellant's Excerpts of Record Ex. 13 at
18.) The arguments presented in the Second Supplemental Objection
directly address the issue that was to be determined by the
Bankruptcy Court on remand. For this reason, Hawaiian Airlines'
Second Supplemental Objection cannot be considered untimely.

## CONCLUSION

Konop has not demonstrated "clear error" with the
factual findings made by the Bankruptcy Court. <u>Dawson</u>, 367 F.3d
at 1177; <u>In re Olshan</u>, 356 F.3d at 1083. The Bankruptcy Court
correctly applied the law in granting Hawaiian Airlines' Second
Supplemental Objection, and correctly determined the total amount
of damages for Claim Number 72. For these reasons, the Bankruptcy
Court's decision, dated January 5, 2009 (Appellant's Excerpts of

---

[7]     Hawaiian Airlines' represents that the arguments
contained in the Second Supplemental Objection are based upon
information that Konop disclosed only after the District Court
reversed and remanded the damages calculation for Claim Number
72. (Opposition at 23.)

Record Ex. 1), is **AFFIRMED**.

Appellant Robert Konop's Appeal of the Bankruptcy Court's Grant of Hawaiian Airlines' Second Supplemental Objection to Claim Number 72 (Doc. 6) is **DENIED**.


IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 6, 2009.



        /S/ Helen Gillmor
_____
Helen Gillmor
Chief United States District Judge

_____
ROBERT C. KONOP v. HAWAIIAN AIRLINES, INC.; Civ. No. 09-00012 HG LEK; **ORDER DENYING ROBERT KONOP'S APPEAL OF THE BANKRUPTCY COURT'S GRANT OF HAWAIIAN AIRLINES' SECOND SUPPLEMENTAL OBJECTION TO CLAIM NUMBER 72**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

ROBERT C. KONOP,                    )    CIVIL NO. 09-00012 HG-LEK
                                    )
              Appellant,            )
                                    )    **ORDER DENYING ROBERT KONOP'S**
         vs.                        )    **APPEAL OF THE BANKRUPTCY**
                                    )    **COURT'S GRANT OF HAWAIIAN**
HAWAIIAN AIRLINES, INC.,            )    **AIRLINES' SECOND**
                                    )    **SUPPLEMENTAL OBJECTION TO**
              Appellee.             )    **CLAIM NUMBER 72**
                                    )
_____     )
                                    )
*In re* HAWAIIAN AIRLINES, INC.,    )
Chapter 11 Bankruptcy.              )
_____     )

**ORDER DENYING ROBERT KONOP'S APPEAL OF THE BANKRUPTCY COURT'S
GRANT OF HAWAIIAN AIRLINES' SECOND SUPPLEMENTAL OBJECTION TO
CLAIM NUMBER 72**

          Appellee Hawaiian Airlines, Inc. ("Hawaiian Airlines")

emerged from bankruptcy protection in 2005 after the United

States Bankruptcy Court for the District of Hawaii entered an

Order Confirming a Joint Plan of Reorganization ("Joint Plan")

for the airline. The Joint Plan provided a procedure for the

resolution of any disputed claims that were submitted against

Hawaiian Airlines. On November 11, 2008, Hawaiian Airlines filed

a Second Supplemental Objection to Claim Number 72, which had

been previously filed with the Bankruptcy Court by Appellant

Robert C. Konop ("Konop"). On January 5, 2009, the Bankruptcy

Court issued an Order Sustaining the Second Supplemental

1

Objection to Claim Number 72. Appellant now appeals the January 5, 2009 Bankruptcy Court Order.

Appellant Robert Konop's Appeal of the Bankruptcy Court's Grant of Hawaiian Airlines' Second Supplemental Objection to Claim Number 72 (Doc. 6) is **DENIED**.


## PROCEDURAL HISTORY

On January 29, 2009, Appellant Robert Konop ("Appellant" or "Konop") filed an Appeal of the Bankruptcy Court's Grant of Hawaiian Airlines' Second Supplemental Objection to Claim Number 72. (Doc. 6, "Appeal".) On the same day, Appellant filed Excerpts of Record from the bankruptcy proceeding. (Docs. 7, 8.)

On February 26, 2009, Appellee Hawaiian Airlines, Inc. ("Appellee" or "Hawaiian Airlines") filed an Opening Brief. (Doc. 10, "Opposition".) On the same day, Appellee filed Supplemental Excerpts of Record from the bankruptcy proceeding. (Doc. 11.)

On March 6, 2009, Appellant filed a Reply Brief in Support of his Appeal of the Bankruptcy Court's Grant of Hawaiian Airlines' Second Supplemental Objection to Claim Number 72. (Doc. 23, "Reply".)

The Court filed a Minute Order on April 7, 2009 (Doc. 25), indicating that the Appeal would be decided without a hearing.

**BACKGROUND**

I.   **Factual Background**

The factual background relevant to this case is fully set forth by the Ninth Circuit Court of Appeals in <u>Konop v. Hawaiian Airlines, Inc.</u>, 302 F.3d 868 (9th Cir. 2002). The relevant facts are summarized below.

Appellant Robert C. Konop's ("Appellant" or "Konop") was formerly employed as a pilot by Appellee Hawaiian Airlines, Inc. ("Appellee" or "Hawaiian Airlines"). During his employment with Hawaiian Airlines, Konop created and maintained a website where he posted bulletins regarding various work-related matters. <u>Id.</u> at 872. Konop controlled access to his website by requiring visitors to log in with a user name and password. Konop created a list of people who were eligible to access his website; pilots Gene Wong ("Wong") and James Gardner ("Gardner") were included on this list. Konop programmed the website to allow access when a person entered the name of an eligible person, created a password, and clicked the "SUBMIT" button on the screen. By clicking the "SUBMIT" button, the screen indicated that the user accepted the terms and conditions of the website's use. The terms and conditions prohibited any member of Hawaiian Airlines' management from viewing the website and prohibited users from disclosing the website's contents to anyone else. <u>Id.</u> at 872-873.

In December 1995, Hawaiian Airlines Vice-President

3

James Davis ("Davis") asked Wong for permission to use Wong's
name to access Konop's website. Davis claimed that he was
concerned about untruthful allegations that he believed Konop was
making on the website. Wong agreed to Davis' request. Wong had
not previously logged into the website to create an account, so
when Davis accessed the website using Wong's name, Davis
presumably typed in Wong's name, created a password, and clicked
the "SUBMIT" button. Id. at 873.

        Konop subsequently received a call from the union
chairman of the Air Line Pilots Association, Reno Morella
("Morella").[1] Morella told Konop that Hawaiian Airlines president
Bruce Nobles ("Nobles") had contacted him regarding the contents
of Konop's website. Morella stated that Nobles was upset by the
disparaging statements published on Konop's website. In
particular, Nobles was upset by Konop's accusations that Nobles
was suspected of fraud. Pursuant to this conversation with
Morella, Konop believed Nobles had obtained access to his website
and was threatening to sue Konop for defamation. Id.

        After speaking with Morella, Konop took his website
off-line for the remainder of the day. He placed the website back
on-line the next morning, without ascertaining how Nobles had

---

        [1]     As noted by the Ninth Circuit Court of Appeals, the
parties dispute the date and substance of this phone
conversation. Id. at 873 n.1. The facts are viewed in the light
most favorable to Konop.

obtained the information discussed in the phone call with
Morella. Konop alleges that he later learned, through an
examination of the computer system logs, that Davis accessed his
website using Wong's name. Id.

Davis continued to log in to Konop's website using
Wong's name. Davis also logged in using the name of another
pilot, James Gardner, who had previously consented to Davis using
his name in order to access the website. Id. Konop alleged in the
Bankruptcy Court proceedings that Davis accessed his website at
least 36 separate times, logging in as either Gardner or Wong.
Hawaiian Airlines, however, alleges that Davis only accessed the
website 31 times under those two names – 22 times under Gardner,
and nine times under Wong. (Appellee's Supplemental Excerpts of
Record Ex. A at Ex. D, "Chart of Accesses of Konop's Website by
Gardner and Wong".)


## II.  Robert C. Konop's Litigation Against Hawaiian Airlines

Konop filed suit against Hawaiian Airlines in the
United District Court for the Central District of California on
July 12, 1996. Konop alleged claims for, among other things,
violations of the Railway Labor Act, 45 U.S.C. § 152, the Wiretap
Act, 17 U.S.C. §§ 2510-2522, the Stored Communications Act, 18
U.S.C. §§ 2701-2711, and various state tort laws arising from
Davis' unauthorized viewing of Konop's website. The Central

District of California District Court granted summary judgment to Hawaiian Airlines on all claims except the retaliation claim under the Railway Labor Act. The District Court subsequently entered judgment for Hawaiian Airlines on the retaliation claim after a bench trial. Konop then appealed the District Court's ruling to the Ninth Circuit Court of Appeals.

The Ninth Circuit Court of Appeals issued a decision on August 23, 2002. See Konop v. Hawaiian Airlines, Inc., 302 F.3d 868 (9th Cir. 2002).[2] The Ninth Circuit Court of Appeals affirmed both the Central District of California District Court's grant of summary judgment for Hawaiian Airlines on Konop's claims under the Wiretap Act claims, and the lower court's entry of judgment for Hawaiian Airlines on the retaliation claim. The Ninth Circuit Court of Appeals, however, reversed the California District Court's grant of summary judgment for Hawaiian Airlines on Konop's claims under the Stored Communications Act and Konop's remaining claims under the Railway Labor Act. Id. at 886.

Konop's remaining claims under the Railway Labor Act were subsequently resolved and are not relevant to this appeal. (Opposition at 15.) The only claims that remain outstanding are made pursuant to the Stored Communications Act.

---

[2] The previous opinion issued by the Ninth Circuit Court of Appeals, dated January 8, 2001, was withdrawn. See Konop v. Hawaiian Airlines, Inc., 262 F.3d 972 (9th Cir. 2001).

### III. Bankruptcy Court Proceedings

From March 21, 2003, through June 2, 2005, Appellee
Hawaiian Airlines, Inc. ("Appellee" or "Hawaiian Airlines") was a
debtor-in-possession operating pursuant to Chapter 11 of the
Bankruptcy Code.

On May 18, 2005, the United States Bankruptcy Court for
the District of Hawaii ("Bankruptcy Court") entered an Order
Confirming the Third Amended Joint Plan of Reorganization ("Joint
Plan") filed by Chapter 11 Trustee, the Official Committee of
Unsecured Creditors, Hawaiian Holdings, Inc., HHIC, Inc., and RC
Aviation, LLC, dated as of March 11, 2005. Article VIII of the
Joint Plan provided a procedure for the resolution of any
disputed claims that were submitted against Hawaiian Airlines.
(See Appellant's Excerpts of Record Ex. 16 at 25.)

Konop timely filed Claim Number 72 with the Bankruptcy
Court, which sought damages for unauthorized access by Hawaiian
Airlines personnel to his website. Hawaiian Airlines subsequently
filed an Objection to Claim Number 72 on August 13, 2004
(Opposition at 15), and a Supplemental Objection on August 31,
2005 (Appellant's Excerpts of Record Ex. 15). The Bankruptcy
Court sustained Hawaiian Airlines' Supplemental Objection on
December 6, 2005. (Id. at Ex. 14, "December 6, 2005 Bankruptcy
Court Order".) The December 6, 2005 Bankruptcy Court Order was
subsequently reversed and remanded on appeal by the United States

7

District Court for the District of Hawaii on August 3, 2006. (<u>Id.</u> at Ex. 13, "August 3, 2006 District Court Order".) Hawaiian Airlines then filed a Second Supplemental Objection on November 11, 2008. (<u>Id.</u> at 6.) On January 5, 2009, the Bankruptcy Court issued an Order Sustaining the Second Supplemental Objection to Claim Number 72. (<u>Id.</u> at 1.)

Konop now appeals the Bankruptcy Court's decision to Grant Hawaiian Airlines' Second Supplemental Objection to Claim Number 72.

## STANDARD OF REVIEW

A bankruptcy court's conclusions of law are reviewed *de novo* and its factual findings are reviewed for clear error. <u>Burcena v. Bank One</u>, 2007 U.S. Dist. LEXIS 73408, at *7 (D. Haw. Sept. 28, 2007) (citing <u>Dawson v. Wash. Mut. Bank, F.A.</u>, 367 F.3d 1174, 1177 (9th Cir. 2004)); <u>In re Olshan</u>, 356 F.3d 1078, 1083 (9th Cir. 2004). The bankruptcy court's findings of fact must be accepted unless the district court is left with the definite and firm conviction that a mistake has been committed. <u>Id.</u>; <u>Latman v. Burdette</u>, 366 F.3d 774, 781 (9th Cir. 2004).

## ANALYSIS

I.   **Calculation of Damages for Claim Number 72**

In the Order Sustaining the Second Supplemental

Objection to Claim Number 72, the Bankruptcy Court stated that the correct amount of Claim Number 72 should be $9,000.[3] (Appellant's Excerpts of Record Ex. 1.)

In reaching this amount, the Bankruptcy Court agreed with Hawaiian Airlines that Konop was only able to establish 31 total instances of unauthorized access to Konop's website by Hawaiian Airlines Vice-President James Davis ("Davis") - 22 times under the name of James Gardner ("Gardner"), and nine times under the name of Gene Wong ("Wong"). (See Appellee's Supplemental Excerpts of Record Ex. A at Ex. D.) In addition, the Bankruptcy Court agreed with Hawaiian Airlines that Gardner was an authorized "user" of Konop's website, pursuant to the Stored Communications Act. 18 U.S.C. §§ 2510(13), 2711(1).[4]

As an authorized "user," Gardner was able to grant Davis access to Konop's website without triggering statutory liability under the Stored Communications Act. 18 U.S.C. §

---

[3]     The Bankruptcy Court stated that the $9,000 award should offset the sanctions amount that had been imposed on Konop pursuant to the Bankruptcy Court's prior orders. (Appellant's Excerpts of Record Ex. 1.)

[4]     18 U.S.C. § 2510(13) states: "'user' means any person or entity who -- (A) uses an electronic communication service; and (B) is duly authorized by the provider of such service to engage in such use." 18 U.S.C. § 2711(1) of the Stored Communications Act incorporates the definition of "user" as defined in 18 U.S.C. § 2510.

2701(c)(2)[5]; see also Konop, 302 F.3d at 880 ("[T]here is some
indication in the legislative history that Congress believed
'addressees' or 'intended recipients' of electronic
communications would have the authority under the [Stored
Communications Act] to allow third parties access to those
communications."). For this reason, the Bankruptcy Court
discounted the 22 times that Davis accessed Konop's website using
Gardner's name when calculating the damages amount for Claim
Number 72.

Upon reaching these conclusions, the Bankruptcy Court
proceeded to calculate the total award amount for Claim Number 72
pursuant to the text of 18 U.S.C. § 2707(c).[6] The Bankruptcy
Court awarded Konop $1,000 for each of the nine instances when
Davis accessed Konop's website using Wong's name. (Appellant's

---

[5]    18 U.S.C. § 2701(c) states: "Exceptions. Subsection (a)
of [18 U.S.C. § 2701] does not apply with respect to conduct
authorized . . . (2) by a user of that service with respect to a
communication of or intended for that user."

[6]    18 U.S.C. § 2707(c) states: "The court may assess as
damages in a civil action under this section the sum of the
actual damages suffered by the plaintiff and any profits made by
the violator as a result of the violation, but in no case shall a
person entitled to recover receive less than the sum of $1,000."
     The Bankruptcy Court previously held that Konop had not
proved actual damages as a result of Davis accessing Konop's
website, nor were any profits made by Hawaiian Airlines as a
result of these alleged violations. (Appellant's Excerpts of
Record Ex. 17 at 2.) Konop has failed to present any material
evidence refuting these findings by the Bankruptcy Court. For
this reason, Konop is only entitled to the minimum statutory
damages of $1,000 for each instance of unauthorized access to his
website. 18 U.S.C. § 2707(c).

Excerpts of Record Ex. 1.) This calculation results in a total

award amount of $9,000 for Claim Number 72.

        The Bankruptcy Court's calculation of the total award

amount for Claim Number 72 was correct. Konop has not presented

any evidence showing that Davis accessed Konop's website more

than nine times using Wong's name. In addition, Konop has failed

to show that Gardner was not an authorized "user" of the website,

pursuant to the text of the Stored Communications Act. See 18

U.S.C. § 2510(13). The Bankruptcy Court stated during the hearing

on Hawaiian Airlines' Second Supplemental Objection:

> It doesn't seem to be disputed that Mr. Gardner had
> logged in before and it [sic] created his own password.
> And following the Ninth Circuit's decision -- in this
> very dispute [see Konop, 302 F.3d at 880], I think that
> makes Mr. Gardner a user for purposes of the Stored
> Communications Act and that means that people who he
> authorizes to log in to the website can do so without
> violating the Stored Communications Act . . .

Appellant's Excerpts of Record Ex. 2 at 4; see also Konop, 302

F.3d at 880 (affirming the District Court's finding that Gardner

"had the authority under [18 U.S.C.] § 2701(c)(2) to consent to

Davis' use of the website because Konop put . . . Gardener on the

list of eligible users.").

        Konop has not presented any material evidence that

would disturb these conclusions of law. The Bankruptcy Court

properly calculated the total damages amount of $9,000 for Claim

Number 72 by multiplying $1,000 by the nine instances when Davis

accessed Konop's website using Wong's name. 18 U.S.C. § 2707(c).

11

The Bankruptcy Court also properly discounted the 22 times that
Davis accessed Konop's website using Gardner's name when
calculating the total damages amount. 18 U.S.C. § 2701(c)(2).

## II.  Jurisdiction of the Bankruptcy Court

Konop also argues that the Bankruptcy Court lacked
jurisdiction to consider the merits of Hawaiian Airlines' Second
Supplemental Objection because there is a pending appeal of
another Bankruptcy Court order related to Claim Number 72.
(Appeal at 14.) The pending appeal concerns the "Order Denying
Motion to Amend and/or Clarify Claim Number 72, as Filed by
Robert C. Konop," dated March 30, 2007. (Appellant's Excerpts of
Record Ex. 7, "March 30, 2007 Bankruptcy Court Order.") The March
30, 2007 Bankruptcy Court Order addresses the question of whether
Claim Number 72 includes a request for equitable relief, and if
not, whether Konop should be permitted to amend his claim to
include such relief. (Appellant's Excerpts of Record Ex. 8 at 5.)

In addressing Konop's argument regarding the lack of
jurisdiction, the Bankruptcy Court stated during the hearing on
Hawaiian Airlines' Second Supplemental Objection: "There is an
appeal on a related issue before the Ninth Circuit, but it's not
the same issue. It's a related issue and I don't think that
appeal deprives this court of -- of jurisdiction." (Appellant's
Excerpts of Record Ex. 2 at 3.)

12

The Bankruptcy Court properly held that the appeal of the March 30, 2007 Bankruptcy Court Order did not divest the court of jurisdiction over Hawaiian Airlines' Second Supplemental Objection. The Second Supplemental Objection at issue here concerns the proper method of calculating damages for Claim Number 72 under the Stored Communications Act. It does not, however, address the wholly different issue of whether Claim Number 72 should be read to include a request for equitable relief - the issue that is pending on appeal. As these two issues are separate and distinct, the Bankruptcy Court properly retained jurisdiction over Hawaiian Airlines' Second Supplemental Objection. See Natural Res. Def. Council v. Southwest Marine, Inc., 242 F.3d 1163, 1166 (9th Cir. 2001) (holding that a district court is only divested of jurisdiction over the matters being appealed).

## III. Claims Objection Bar Date

Konop also argues that Hawaiian Airlines is barred from asserting the Second Supplemental Objection to Claim Number 72 after the Claims Objection Bar Date provided in the Joint Plan has already passed. (Appeal at 21.) Section 8.1 of the Joint Plan provides that "[a]ll objections to Claims must be Filed and served on the holders of such Claims by the Claims Objection Bar Date." (Appellant's Excerpts of Record Ex. 16 at 25.) The Claims

13

Objection Bar Date is defined as "the later of: (a) 90 days after the Effective Date; (b) 60 days after the Filing of a proof of Claim for such Claim; and (c) such other period of limitation as may be specifically fixed by the Joint Plan, the Confirmation Order, the Bankruptcy Rules or a Final Order for objecting to such Claim." (Appellee's Supplemental Excerpts of Record Ex. C at 3.) Both parties agree that the applicable deadline was September 1, 2005, which was 90 days after the Effective Date of the Joint Plan. (Appeal at 22; Opposition at 22.)

        Hawaiian Airlines filed both the Objection and the Supplemental Objection to Claim Number 72 prior to the September 1, 2005 deadline. (Opposition at 23.) The Bankruptcy Court sustained Hawaiian Airlines' Supplemental Objection on December 6, 2005. (Appellant's Excerpts of Record Ex. 14.) The Bankruptcy Court's damages calculation, however, was subsequently reversed and remanded on appeal by the United States District Court for the District of Hawaii on August 3, 2006. (Id. at Ex. 13, "August 3, 2006 District Court Order".) In its decision, the District Court stated: "On remand, the Bankruptcy Court should determine how many of the alleged intrusions merit a separate statutory damage award under the [Stored Communications] Act." (Id. at Ex. 13 at 18.)

        In furtherance of the August 3, 2006 District Court Order, Hawaiian Airlines filed the Second Supplemental Objection

14

on November 11, 2008.[7] (Appellant's Excerpts of Record Ex. 6.)
The Joint Plan did not bar Hawaiian Airlines from submitting
additional briefing to the Bankruptcy Court pursuant to the
August 3, 2006 District Court Order. The Second Supplemental
Objection sets forth Hawaiian Airlines' argument regarding the
number of unauthorized intrusions into Konop's website that would
"merit a separate statutory damage award under the [Stored
Communications] Act." (Appellant's Excerpts of Record Ex. 13 at
18.) The arguments presented in the Second Supplemental Objection
directly address the issue that was to be determined by the
Bankruptcy Court on remand. For this reason, Hawaiian Airlines'
Second Supplemental Objection cannot be considered untimely.

## CONCLUSION

Konop has not demonstrated "clear error" with the
factual findings made by the Bankruptcy Court. Dawson, 367 F.3d
at 1177; In re Olshan, 356 F.3d at 1083. The Bankruptcy Court
correctly applied the law in granting Hawaiian Airlines' Second
Supplemental Objection, and correctly determined the total amount
of damages for Claim Number 72. For these reasons, the Bankruptcy
Court's decision, dated January 5, 2009 (Appellant's Excerpts of

---

[7]     Hawaiian Airlines' represents that the arguments
contained in the Second Supplemental Objection are based upon
information that Konop disclosed only after the District Court
reversed and remanded the damages calculation for Claim Number
72. (Opposition at 23.)

Record Ex. 1), is **AFFIRMED**.

Appellant Robert Konop's Appeal of the Bankruptcy Court's Grant of Hawaiian Airlines' Second Supplemental Objection to Claim Number 72 (Doc. 6) is **DENIED**.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, May 6, 2009.



/S/ Helen Gillmor

Helen Gillmor
Chief United States District Judge

ROBERT C. KONOP v. HAWAIIAN AIRLINES, INC.; Civ. No. 09-00012 HG LEK; **ORDER DENYING ROBERT KONOP'S APPEAL OF THE BANKRUPTCY COURT'S GRANT OF HAWAIIAN AIRLINES' SECOND SUPPLEMENTAL OBJECTION TO CLAIM NUMBER 72**